IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03016-M-RJ

| | | |
|---|---|---|
| NAPOLEAN RICHARD COOPER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, | ) ) ) | |
| Defendant. | ) ) | |

On January 14, 2026, Napoleon Richard Cooper ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

On May 18, 2026, the court conducted its initial review, dismissed the North Carolian Department of Adult Correction ("DAC") as a defendant, and directed plaintiff to file an amended complaint on the forms prescribed for use by the court. See Order [D.E. 10].

On June 2, 2026, plaintiff filed an amended complaint. Am. Compl. [D.E. 11].

The court now conducts its initial review under 28 U.S.C. § 1915A and, as discussed below, dismisses the action without prejudice.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal

interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's Filings:

Plaintiff generally alleges that his Eighth Amendment rights were violated at Roanoke River C.I. on the afternoon before Thanksgiving 2024 when he was viciously attacked and stabbed in his cell by a fellow inmate, resulting in wounds to his neck, back, and face. Compare Am. Compl. [D.E. 11] at 3, with Compl. [D.E. 1] at 5–7.

Plaintiff alleges that, several times before the attack, he verbally requested that his door be electronically closed while he was resting in his cell, but unknown officers at the control panel

2

station told him this could not be done unless plaintiff was reporting to school or a job. Compare Am. Compl. [D.E. 11] at 3, with Compl. [D.E. 1] at 5.

As to whether he filed a grievance regarding his claims, plaintiff checks "no," writing that his attacker was criminally charged with assault with intent to kill. See Compl. [D.E. 1] at 8.

As to whether his grievance was exhausted, plaintiff checks "yes," writing that his attacker entered an Alford plea in Halifax County Court and was sentenced to 102 months' incarceration concurrent with the attacker's present sentence. See id.

For relief, plaintiff seeks compensation for his pain and suffering. Id.

Plaintiff also filed as evidence an October 21, 2025, letter from the Office of the District Attorney for Prosecutorial District 7A, which includes Halifax County, stating plaintiff was the victim of Ryan Pierre Brown, who pleaded guilty to Assault With a Deadly Weapon with Intent to Kill and received an active sentence of 44-65 months' incarceration in the DAC. See [D.E. 8-1].

Discussion:

The Prison Litigation Reform Act ("PLRA") states, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation, alteration, and internal quotation marks omitted).

3

Failure to exhaust administrative remedies is an affirmative defense that a defendant generally must plead and prove.  See Jones, 549 U.S. at 216–17; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017).  Nevertheless, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."  Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) (citation omitted).

The North Carolina Department of Adult Correction ("DAC") has a three-step inmate grievance Administrative Remedy Procedure ("ARP").  See Moore v. Bennette, 517 F.3d 717, 721–22 (4th Cir. 2008); see also Harris v. Midford, No. 1:10-CV-263-RJC, 2011 WL 1601446, at *2 (W.D.N.C. Apr. 27, 2011) (noting PLRA exhaustion requires North Carolina inmates to complete all three steps of the ARP).

The ARP first encourages informal resolution.  See DAC ARP at § .0301(a), available at https://public.powerdms.com/NCDAC/tree/documents/2145373 (visited July 9, 2026).  "Any aggrieved offender in the custody of DAC may submit a paper grievance Form DC-410 at their housing facility."  Id. at § .0304(a).  Within three days of receipt, a screening officer will review the grievance and decide whether to reject it or accept it for facility response.  Id. at § .0305(c).  If the screening officer finds the grievance can be considered, the officer may forward it to the staff member who can best provide information or relief ("Step 1").  Id. at § .0305(f).  After acceptance of the grievance, the staff responsible for investigation and response provide a formal Step-1 response within 15 days following the screening response.  Id. at § .0309(a).  If unsatisfied with the Step-1 decision, the inmate may appeal to the Warden ("Step 2").  Id. at § .0309(b).  The Warden/designee investigates the grievance, reviews records, and completes the investigation within 20 days after a Step-2 appeal.  Id. at § .0309(b)(3).  The Warden/designee then completes a Step-2 response to the grievance.  Id. at § .0309(b)(4).  If unsatisfied with the Step-2 decision, the

4

inmate may appeal the grievance to the Inmate Grievance Resolution Board ("IGRB"), as substitute for the DAC Secretary ("Step 3"). Id. at § .0309(c)(1). The IGRB Executive Director or designated IGRB Grievance Examiner ("IGE") reviews all grievances assigned to the section. Id. at § .0309(c)(3). The IGE reviews the grievance and investigates. Id. at § .0309(c)(4). If the grievance has been satisfactorily resolved, the IGE will dismiss. Id. at § .0309(c)(5). If still unresolved, "the IGE may resolve the grievance through mediation and communication with all interested parties." Id. at § .0309(c)(6). The IGE decision is forwarded to the offender within 30 days from the date of the Step-2 appeal. Id. at § .0309(c)(7). The Step-3 decision, or a modification thereof by the DAC Secretary, is the final step of the ARP. Id. at § .0309(c)(9).

Here, accepting as true plaintiff's notation that he did not file a grievance as to his claims but that criminal charges were brought against his assailant instead, see Compl. [D.E. 1] at 8, it is clear from the face of the complaint that plaintiff failed to exhaust the ARP before initiating this action, see Custis, 851 F.3d at 361. Plaintiff, however, does not plausibly allege that the ARP was "unavailable" to him within the meaning of Ross v. Blake, 578 U.S. 632, 642–44 (2016); see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Moore, 517 F.3d at 725.

Plaintiff may not avoid the exhaustion requirement by exhausting grievances after filing the action, or by amending the complaint to show exhaustion as the action is pending. See Ross, 578 U.S. at 641 ("The PLRA's history (just like its text) thus refutes a 'special circumstances' exception to its rule of exhaustion."); id. at 639 ("[A] court may not excuse a failure to exhaust, even to take such circumstances into account"); Woodford, 548 U.S. at 93 (noting, "the PLRA exhaustion requirement requires proper exhaustion"); Booth, 532 U.S. at 741 n.6 (noting, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); see also Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003) (noting that

5

"permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a)"); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (finding that failure to exhaust administrative remedies may not be cured by amendment of the complaint).

In sum, because plaintiff's failure to fully exhaust administrative remedies before filing this action is apparent from the face of the complaint, the court dismisses the action without prejudice. See Jones, 549 U.S. at 211; Moss v. Harwood, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (collecting cases); Custis, 851 F.3d at 361.

Conclusion:

For the reasons discussed above, the court DISMISSES WITHOUT PREJUDICE the action for failure to exhaust administrative remedies. The clerk shall close the case.

SO ORDERED this 10th day of July, 2026.

RICHARD E. MYERS II
Chief United States District Judge

6